## Commonwealth, By, et al. v. Evans.
## Same v. Warner.
## Same v. Fritz.

(Decided January 16, 1912.)

Appeals from Kenton Circuit Court
(Common Law and Equity Division).

Appeals—Error in Filing Appeals—Where Error to Dismiss Appeals.—Where the Clerk of the Circuit Court and his deputy made a mistake in filing transcripts of appeals, the lower court was correct in refusing to permit the record to be changed so as to show they were filed on a certain day, but erred in dismissing them, as they were filed within sixty days from the time the judgments were rendered in the County Court.

W. A. PRICE, B. W. GILFILLAN, F. J. HANLON for appellants.

S. D. ROUSE, SCHMIDT & HOLMES for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

A revenue agent instituted these three proceedings in the Kenton County Court upon the same day, March 17, 1910, seeking to make appellees responsible for taxes upon omitted property. On the 28th day of the same month, the court, upon motion of appellees dismissed the three actions. At the following term of the county court, on April 25, 1910, the revenue agent moved the court to reinstate the three actions; the motion was overruled and the agent prayed an appeal to the circuit court from the order dismissing the actions. It appears that the appeals were marked filed by one Ellis, a deputy circuit court clerk, May 9, 1910, and a summons was issued on each one of the appeals by the clerk on the same day. It also appears from the records in the cases that one Dillon, the county court clerk, affixed to each of the transcripts of the records from the county court, a certificate dated May 24, 1910. Confusion in these cases arose from this fact. The revenue agent, it seems, was of the opinion that the date of the county clerk's certificate was positive evidence that the circuit court clerk and his deputy had made a mistake in marking the appeals filed and the summonses issued as of May 9th, and moved the court to require the clerk of the circuit court to note the filing of the transcript and judgment from the county court as having been filed on May 24th. The

agent also filed the affidavit of his attorney to the effect that he filed the transcript of the record with the circuit court clerk on May 24th. It is nowhere stated in terms that the circuit court clerk or his deputy were mistaken in the date of the filing of the appeals or the issuing of the summonses thereon, May 9th, but the affidavit mentioned is so drawn that it seems to intend to infer such a mistake. The motion to have the correction made, was entered long after sixty days from March 28th had expired. For these reasons and those stated by the lower court in its opinion, it dismissed the appeals. The additional facts stated in the opinion of the lower court as reasons for dismissing the appeals, were that these cases were placed on the docket following one or two cases that had been filed about the first of June, 1910, and further because it appeared that the summonses on the appeals were not placed in the hands of the sheriff until the 2nd or 3rd of June.

The question is: Are these circumstances, if correct, sufficient to destroy the verity of the certificate of the circuit court clerk and his deputy? There is not an intimation of fraud upon the part of any one nor that any one was interested in changing or giving an incorrect date; nor is there anything in the record showing when the summonses issued on the appeals, went into the hands of the sheriff. It does appear, however, that the sheriff executed the summonses on the 2nd or 3rd of June, and we presume the court noticed this date of service and mistook it for the date of delivery to the sheriff. We think it more likely that the clerk failed to docket his cases in the order in which they were filed and that the deputy clerk in marking the appeal filed and the clerk in issuing the summonses made mistakes as to the date. The trouble in this case, in our opinion, arose from the confusion and error of the revenue agent and his counsel, which we will now explain. Section 4241, Kentucky Statutes, in cases like these, provides:

"From so much of the order of the court deciding whether or not the property is liable to assessment, either party may appeal, as in other civil cases."

Section 724, of the Civil Code, in so far as applicable to the question at issue, provides:

"The party appealing shall produce to the clerk of the court to which the appeal is taken a certified copy of the judgment and the amount of costs, * * * whereupon the clerk shall issue an order to the judge, mayor

or justice, rendering the judgment, to stay proceedings thereon; and to transmit to the office of said clerk all the original papers in the case," etc.

And section 725 of the Civil Code is as follows:

"The judge, mayor or justice, on being served with said order, shall, in ten days thereafter, transmit all the original papers in the action to the clerk's office of the court to which the appeal is taken."

It is evident from the record that appellant complied with the first part of the section quoted by producing to the circuit court clerk a certified copy of the judgment and the amount of costs, in each case on May 9, 1910, and the clerk issued the order provided for, and the county court clerk complied with section 725 on May 24, 1910, by filing the transcript of the whole records, and a certificate of the date of May 24, 1910, was made for that purpose. The confusion in this case arose from appellant endeavoring to have the record changed and the appeals dated May 24th, instead of May 9th. The court was correct in refusing to allow this change to be made, but erred in dismissing the appeals as they were filed within the sixty days from the time the judgment was rendered in the county court.

The original statements filed by appellant were too general, but the amended statements specifically described the property sought to be listed.

For these reasons the judgments of the lower court are reversed and causes remanded for further proceedings consistent herewith.